UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE SYLVESTER WATTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No.  09-0156  (RJL) |
| ) | |
| UNITED STATES PAROLE COMMISSION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION

Andre Sylvester Watts has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons stated below, his petition will be denied.

### I. BACKGROUND

*A. Petitioner's Allegations*

Petitioner, a District of Columbia Code offender, is to remain under parole supervision through October 1, 2010. *See* Application for Writ of Habeas Corpus ("Pet."), Attach. (Certificate of Parole). According to petitioner, because "pretrial jail credit and superior programming was [sic] not calculated" properly, "the current custodianship of petitioner by [the United States Parole Commission] is illegal and violates the Due Process Clause" of the Fifth Amendment to the United States Constitution. Pet. at 3 (page number designated by the Court). In this action, petitioner asks the Court to "either declare petitioner['s] sentence terminated or issue a[n] order directing the respondent to show cause with any and all relevant records . . . why

1

the pretrial credit was not properly calculated and why wasn't the superior programming properly calculated." *Id.* at 4.

### B. *Respondent's Submission*

With the United States Parole Commission's Opposition to Application for Writ of Habeas Corpus ("USPC Opp'n"), respondent submits the April 9, 2009, declaration of Forest B. Kelly, Correspondence Specialist with the BOP's Designation and Sentence Computation Center ("Kelly Decl."), and the April 3, 2009, and May 13, 2009, declarations of Rockne Chickinell, the Parole Commission's General Counsel (respectively "Chickinell Decl." and "Second Chickinell Decl.").

### 1. Criminal Case No. F-1641-98

On March 2, 1998, petitioner was arrested, charged with two counts of attempted robbery and one count of second degree attempted theft, and committed to the custody of the District of Columbia Department of Corrections ("DOC"). USPC Opp'n, Kelly Decl. ¶ 4 & Attach. 1 (Inmate Record) at 1. On March 9, 1998, petitioner was released from custody pursuant to an Order of the Superior Court of the District of Columbia ("Superior Court"). *Id.* ¶ 5 & Attach. 1 at 1. For reasons that are not clear in the record, as of October 14, 1998, petitioner was held by the DOC in connection with Case No. F-1641-98. *Id.* ¶ 7 & Attach. 3 (Inmate Record) at 1.

Petitioner pled guilty to one count of second degree attempted theft, and on March 23, 1999, the Superior Court imposed a sentence of 120 days' imprisonment with credit for time served. USPC Opp'n, Kelly Decl. ¶ 8 & Attach. 4 (Judgment and Commitment Order, Case No. F-1641-98). When the DOC calculated petitioner's 120-day sentence, it awarded credit for the period from March 2 through March 9, 1998 (8 days), and for the period from October 14, 1998

through March 23, 1999 (160 days). *Id.* ¶ 9 & Attach. 5 (Face Sheet prepared 3/23/99). The actual length of time petitioner was incarcerated in connection with Case No. F-1641-98 exceeded the 120-day sentence. *Id.* ¶ 9.

### 2. Criminal Case No. F-4255-98

On June 12, 1998, petitioner was arrested and charged with one count of assaulting, resisting, or interfering with a police officer and two counts of robbery. USPC Opp'n, Kelly Decl. ¶ 6 & Attach. 2 (excerpt from presentence report, Case No. F-4255-98) at 3 (page number designated by the Court). At the time of his arrest, petitioner was on parole. Chickinell Decl., Ex. 3 (Prehearing Assessment) at 1. He was committed to the DOC's custody on June 13, 1998. *Id.*, Kelly Decl., Attach. 3 (Inmate Record) at 1. Petitioner pled guilty to one count of robbery (Count C) and one count of assault on a police officer (Count D). *Id.*, Attach. 6 (Judgment and Commitment Order, Case No. F-4255-98). On May 26, 1999, the Superior Court imposed a sentence of three to nine years' imprisonment for robbery, and imposed a consecutive sentence of one to three years' imprisonment for assault, to be served consecutively to any other sentence petitioner then was serving. *Id.* The Federal Bureau of Prisons ("BOP") computed this aggregate sentence of four to 12 years' imprisonment beginning on May 26, 1999, and awarded petitioner credit for two periods of incarceration, from June 12, 1998 through December 1, 1998, and from March 24, 1999 through May 25, 1999, for a total of 236 days.[1] *Id.*, Attach. 7 (Public Information Inmate Data as of 12-03-2007) at 4.

---

[1] Initially, petitioner was awarded 234 days' jail credit. USPC Opp'n, Chickinell Decl. ¶ 2 (paragraph number designated by the Court). "[I]t was determined [that] Petitioner was to be credited with two additional days of jail credit toward to the 4-year to 12-year term, for time spent in custody on June 12, 1998 and December 1, 1998." *Id.*, Kelly Decl. ¶ 12.

### 3. Parole Consideration

Petitioner's initial parole hearing took place on February 24, 2003, and the Parole Commission denied parole at that time. *See* USPC Opp'n, Chickinell Decl., Ex. 3 at 1. Petitioner waived rehearing in 2005, and in 2006 he refused to sign the parole application, thus waiving rehearing a second time. *Id.* Based on a hearing examiner's recommendation, *see id.* at 4, the Parole Commission granted parole effective December 3, 2007. *Id.*, Ex. 4 (May 23, 2007 Notice of Action). As of December 3, 2007, 1,033 days of the aggregate sentence remained. *Id.*, Kelly Decl., Attach. 7 at 4. Petitioner remains under parole supervision through October 1, 2010. *Id.*, Second Chickinell Decl., Ex. 7 (May 13, 2009 Memorandum and Certificate of Parole (Correcting Expiration Date)).

## II. DISCUSSION

The Parole Commission argues that the Court should reject petitioner's claim that jail credit has not been calculated properly. USPC Opp'n at 5. It shows that petitioner has received jail credit for 236 days, and otherwise accounts for each day he spent in custody with respect to Criminal Case No. F-4255-98.

Petitioner was arrested on June 12, 1998, yet was not sentenced until May 26, 1999. The Parole Commission determined his parole eligibility date as if he be began serving the sentence 234 days earlier, on October 4, 1998. *See* Chickinell Decl., Ex. 3 at 1. Had petitioner served the full 12-year aggregate sentence, without jail credit, his full term date would have been May 25, 2011. Subtracting 234 days' jail credit, petitioner's full term date fell on October 3, 2010. Now that BOP has awarded credit for the day of his June 12, 1998 arrest and for December 1, 1998, petitioner's full term date advanced by two days, to October 1, 2010.

Petitioner notes that while he was in custody pending resolution of Case No. F-4255-98, he served the 120-day sentence imposed in Case No. F-1641-98. Petitioner['s] Opposition to Respondent['s] Response on the Application for Issuance of Writ of Habeas Corpus Pursuant to 28 U.S.C. [§] 2241 ("Pet.'s Opp'n") at 2 (page number designated by the Court). He states that "[n]either tolling of either sentence should have been stopped." *Id.* at 2-3. To the extent that petitioner argues that he should receive credit toward the four to 12-year aggregate sentence imposed in F-4255-98 for the extra days he was deemed in custody in F-1641-98, his claim fails. He receives credit only "on the maximum and the minimum term of imprisonment for time spent in custody . . . as a result of the offense for which the sentence was imposed." D.C. Code § 24-221.03(a). None of the time spent in custody on the offenses for which the Superior Court imposed sentence in Case No. F-1641-98 can be credited towards service of the sentence imposed in Case No. F-4255-98.

In addition, petitioner maintains that the Parole Commission failed to award him sufficient credit for completion of institutional programs, thus lengthening the period he is subject to parole supervision, *see* Pet.'s Opp'n at 3. The Parole Commission "considers superior program achievement while [a prisoner is] incarcerated in evaluating a prisoner for parole." Chickinell Decl. ¶ 6 (paragraph numbers designated by the Court). Any award for superior program achievement is "used only to establish the prisoner's parole release guidelines and [to] make a parole decision, not to determine the duration of the offender's supervision on parole." *Id.* Rather, the Parole Commission "relies on the expiration full-term date listed in the sentence computation of the [BOP]." *Id.* ¶ 5.

III. CONCLUSION

Petitioner has made no showing that he is to remain under parole supervision "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Court will discharge its order to show cause and deny the habeas petition. An Order accompanies this Memorandum Opinion.

DATE: 9/25/09

RICHARD J. LEON
United States District Judge